## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **PHILLIP DELASBOUR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Cause No. 4:17-cv-00257** |
| | § | |
| **RBEX, INC., d/b/a APPLE** | § | |
| **TOWING CO., and** | § | |
| **MICHAEL SCULLY,** | § | **A Jury is Demanded** |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, PHILLIP DELASBOUR, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA"). This is an individual action to recover unpaid overtime compensation, minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

### PARTIES

1.      Plaintiff, PHILLIP DELASBOUR, was an "employee" of Defendants, as that term is defined by the FLSA. During his employment with the Defendants, the Plaintiff was an individual directly engaged in interstate commerce, and his work was essential to Defendant's business.  Plaintiff resides in Ft. Bend County, Texas.

2.     Defendant, RBEX, INC., d/b/a APPLE TOWING CO., is a foreign for-profit Delaware Corporation engaged in the business of operating a towing and roadside assistance service in Harris County, Texas.  With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).  The work of the Defendants and Plaintiff involves the actual movement of selling goods and commerce and operations on the Interstate Highways.

3.     Defendant, MICHAEL SCULLY, is the owner of Defendant, RBEX, INC., d/b/a APPLE TOWING CO., and is a resident of Harris County, Texas.

4.     At all times material hereto, Defendant, MICHAEL SCULLY, actively ran the business of Defendant, RBEX, INC., d/b/a APPLE TOWING CO., on a day-to-day basis and acted directly or indirectly in the interest of Defendant, RBEX, INC., d/b/a APPLE TOWING CO., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

5.     Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement products and information in interstate commerce.  Specifically, Plaintiffs work involved the movement of goods and property upon the interstate highways of the state of Texas.

6.     *Inter alia*, Defendant, MICHAEL SCULLY, had the ability to hire

and fire plaintiff; and, controlled plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

8.     Defendant employed Plaintiff as a wrecker truck driver from January of 2010, to the present.  Plaintiff's duties included driving on the Interstate Highways to various locations as dispatched by the company, providing roadside assistance to drivers, changing of tires, and providing jump-starting and other vehicle maintenance, and towing of vehicles when necessary.

9.     Plaintiff was required and permitted to work various hours and shifts, usually six (6) days per workweek.  Plaintiff was paid on a commission basis, but was never paid any overtime wages for his work in excess of 40 hours per workweek.

10.     Defendant began paying overtime in June of 2016.  Thus, Plaintiff's claims are for overtime work performed January of 2014 until June of 2014, and July of 2014, through April of 2016.

11.     Plaintiff does not have a written agreement with Defendants.

12.     Plaintiff's time sheets do not reflect all hours worked or suffered to permit to work as the Defendants did not maintain accurate time records in accordance with the FLSA.

13.     During some or all of the workweeks of his tenure with the Defendants, the Plaintiff worked in excess of 40 hours per week.

14.     During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

15.     At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work.  Defendants approved Plaintiff's work and hours.  Plaintiff's work benefitted Defendants.

16.     Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541.  Plaintiff was not exempt from the protection of the FLSA.

4

17.     The Defendants did not make a good faith effort to comply with the overtime or minimum wage provisions contained within the FLSA.

18.     Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

19.     Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

20.     Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

21.     The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

22.     The Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA.

23.     The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

24.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper hourly rate.

25.     Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

26.     Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

27.     Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit.  Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff.   To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.  Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

## PRAYER FOR RELIEF

Plaintiff, PHILLIP DELASBOUR, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear.  Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1.     Judgment against Defendants, jointly and severally, for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2.     Judgment against Defendants, jointly and severally, that their violation of the FLSA was willful;

3.     Judgment against Defendants, jointly and severally, for an amount equal to the unpaid wage damages as liquidated damages;

4.     If liquidated damages are not awarded, an award of pre-judgment interest;

5.     Post-judgment interest at the applicable rate;

6.     All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7.     Leave to amend to add claims under applicable state laws, if necessary; and,

8.     For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted, January 27, 2017.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Thomas H. Padgett, Jr.*
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:  800-634-8042
Ph:  512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**